**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LEON WILLIAMS, | No. 09-15322 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01020-HDM-GWF |
| v. | |
| KERRY RUESCH, Metro Police Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N. R. SMITH, Circuit Judges.

Michael Leon Williams, a Nevada state prisoner, appeals pro se from the

district court's order denying him leave to amend the complaint in his 42 U.S.C.

§ 1983 action alleging that a police officer presented perjured testimony to a grand

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jury, causing Williams's indictment on criminal charges that were later dismissed. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to amend. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310 (9th Cir. 1982). We may affirm on any basis supported by the record. *Zuress v. Donley*, 606 F.3d 1249, 1252 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion by denying Williams leave to amend his complaint because amendment would have been futile. The defendant police officer is entitled to absolute immunity because he did not function as the complaining witness in the criminal case against Williams. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1147 n.2 (9th Cir. 2009) (police officer defendant absolutely immune from § 1983 liability for allegedly perjured testimony where the complaining witness in the underlying criminal case was the victim). The deputy district attorneys whom Williams sought to name in his Second Amended Complaint also enjoyed absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutor absolutely immune from § 1983 liability in action alleging he knowingly used false testimony at trial).

Williams's remaining contentions are unpersuasive.

**AFFIRMED.**